OPINION
Defendant-appellant Leonard Jenkins appeals the denial by the Licking County Court of Common Pleas of defendant-appellant's Motion for Nunc Pro Tunc Pursuant to Civil Rule 60(B).
 STATEMENT OF THE FACTS AND CASE
On January 10, 1997, appellant Leonard Jenkins was indicted by the Licking County Grand Jury on one count of possession of drug paraphernalia in violation of R.C. 2925.14, a misdemeanor of the fourth degree, two counts of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), felonies of the fifth degree, and one count of aggravated funding of drug trafficking in violation of R.C. 2925.05(A), a felony of the first degree. The indictment also contained a forfeiture specification pursuant to R.C. 2925.42. Appellant, on January 21, 1997, entered a plea of not guilty to all of the charges contained in the indictment. After the trial court denied his Motion to Suppress and his Motion to Dismiss the charge of aggravated funding drug trafficking, appellant, on April 24, 1997, pleaded guilty to two counts of possession of cocaine and one count of possession of drug paraphernalia. The charge of aggravated funding of drug trafficking proceeded to a bench trial. The trial court, at the conclusion of the trial, found appellant guilty of aggravated funding of drug trafficking in violation of R.C. 2925.05(A). Thereafter, on May 7, 1997, appellant was sentenced to 30 days in the Licking County Justice Center for possession of drug paraphernalia, nine months in prison on each count of possession of cocaine, and four years in prison for aggravated funding of drug trafficking. The sentences were to be served concurrently. Appellant was also fined a total of $11,250.00 and appellant's driver's license was suspended for a period of five years. A Judgment Entry of Sentencing was filed on May 7, 1997. An amended sentencing entry was filed the next day. Pursuant to an Opinion filed on January 8, 1998, this court affirmed appellant's conviction and sentence. See State of Ohio v. Leonard Jenkins (Jan. 8, 1998), Licking App. No. 97 CA 46, unreported. Appellant, on February 13, 1998, filed a Motion for Judicial Release. The State filed a response five days later, arguing that because of his four year mandatory term of incarceration for aggravated funding of drug trafficking, appellant was ineligible for judicial release. Following an oral hearing on April 1, 1998, the trial court resentenced Appellant to a three year mandatory term of incarceration for aggravated funding of drug trafficking. The trial court also ordered appellant to serve concurrent nine month terms of incarceration for the two counts of possession of cocaine, to be served consecutively to the three year term of incarceration for aggravated funding of drug trafficking. The trial court found that appellant had completed the thirty day sentence for possession of drug paraphernalia. A Judgment Entry memorializing appellant's resentencing was filed on April 1, 1998. Appellant filed a Notice of Appeal from the Judgment Entry of resentencing. This court, pursuant to an Opinion filed on November 9, 1998, held that the trial court lacked authority to resentence appellant since appellant had served approximately eleven months of his original sentence before his resentencing. Since the trial court had no authority to modify a valid sentence after appellant had served part of that sentence, this court vacated the April 1, 1998, judgment of the Licking County Court of Common Pleas and reinstated the trial court's May 7, 1997, Judgment Entry.
Pursuant to a Judgment Entry filed on November 13, 1998, the trial court reimposed "the previously imposed sentence of four (4) years incarceration on the aggravated funding of drug trafficking charge." The trial court, in its entry, stated as follows: "It was the intention of this Court to give the defendant the benefit of an agreement which had been reached by the defense counsel, the State of Ohio, and this Court which had been reached at the time of sentencing. Apparently the defendant does not wish to abide by that agreement and filed an appeal to this Court's re-sentencing entry. Although this Court was aware that it had no authority to amend the sentence which had been put into execution, this Court felt duty bound to do so based upon the agreement that had been previously reached by all parties. Since the defendant now does not wish to abide by that agreement, the Court enters the previously imposed sentence of four (4) years incarceration. . ." On July 8, 1999, appellant filed A Motion for Nunc Pro Tunc Pursuant to Civil Rule 60(B). Appellant, in his motion, requested that the trial court vacate its May 7, 1997, Judgment Entry and "issue a Judgment Entry which specifically acknowledges that: Defendant must serve a 4 year mandatory prison term, that the sanction of suspension of driver's license must be vacated; that no term of post-release control can be imposed by the parole board upon the defendant's release from prison." After the State filed a response to appellant's motion, the trial court denied the same pursuant to a Judgment Entry filed on July 22, 1999. It is from the trial court's July 22, 1999, Judgment Entry denying his Motion for Nunc Pro Tunc pursuant to Civil Rule 60(B) that appellant prosecutes his appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I TRIAL COURT ERRED AND ABUSED ITS DISCRETION OVERRULING CIV. R. 60(B) MOTION WHERE AMBIGUITY IN THE LAW DEMONSTRATES COURTS ORIGINAL JUDGMENT ENTRY REQUIRED CLARIFICATION TO COMPORT WITH STATUTORY AND CONSTITUTIONAL REQUIREMENTS FOR VALID SENTENCING PURSUANT TO R.C. 2925.05(C)(1) AND OTHER APPLICABLE STATUTES.
 ASSIGNMENT OF ERROR II TRIAL COURT'S DENIAL OF APPELLANT'S CIV. R. 60 (B) MOTION FOR NUNC PRO TUNC AMOUNTS TO PLAIN ERROR PURSUANT TO CRIM. R. 52 (B).
 I, II
Appellant, in his two assignments of error, challenges the trial court's denial of his Motion for Nunc Pro Nunc pursuant to Civil Rule 60(B). Appellant, in such motion, had requested that the trial court vacate its May 7, 1997, Judgment Entry of sentencing and issue a new judgment entry clarifying that appellant was sentenced to a mandatory four year prison term for the offense of aggravated funding of drug trafficking in violation of R.C.2925.05(A). According to appellant, since a mandatory sentence was imposed, the trial court was prohibited by R.C. 2929.13 from also ordering the suspension of appellant's driver's license and from ordering post-release control upon appellant's release from prison. Appellant, in his assignments of error, also challenges the constitutionality of R.C. 2967.28 on post-release control. The trial court, in its May 7, 1997, entry, ordered, in part, that appellant be sentenced to four years in prison for aggravated funding of drug trafficking in violation of R.C. 2925.05(A), a felony of the first degree. Pursuant to R.C. 2925.05(C)(1), the trial court should have imposed "as a mandatory prison term one of the prison terms prescribed for a felony of the first degree." [Emphasis added.] However, the trial court, in its sentencing entry, did not specify that appellant's sentence was a mandatory sentence. For such reason, this matter is remanded to the trial court for clarification that appellant was sentenced to a mandatory four year prison term on Count four, the charge of aggravated funding of drug trafficking, a felony of the first degree. Appellant, in his brief, also contends that the trial court erred in denying appellant's motion for Nunc Pro Tunc pursuant to Civil Rule 60(B) since the trial court's five year suspension of appellant's driver's license and the trial court's imposition of post-release control upon appellant upon his release from prison violate R.C. 2929.13(A). Such section provides, in relevant part, as follows: "Except as otherwise provided in this division, if the court is required to impose a mandatory prison term for the offense for which sentence is being imposed, the court also may impose a financial sanction pursuant to section2929.18 of the Revised Code but may not impose any additional sanctions or combination of sanctions under 2929.16 or 2929.17 of the Revised Code."
Appellant specifically maintains that the suspension of his driver's license and the imposition of post-release control violate the prohibition in R.C. 2929.13 against the imposition of "any additional sanctions or combination of sanctions under2929.16 or 2929.17 of the Revised Code" since the court was required to impose a mandatory prison term on appellant. Appellant further challenges the constitutionality of R.C. 2967.28, which permits the parole board to impose post-release control on an offender who has served all of his original sentence. While appellant filed a "Motion for Nunc Pro Tunc" pursuant to Civil Rule 60(B) challenging the suspension of his driver's license and the imposition of post-release control, we find that the trial court should have construed such motion as a Motion for Post Conviction Relief pursuant to R.C. 2953.21 as to such issues. See State v. Kirkland (Jan. 24, 2000), Stark App. No. 1999CA00308 and State v. Reynolds (1997), 79 Ohio St.3d 158. The doctrine of res judicata applies in determining whether postconviction relief should be granted under R.C. 2953.21 et seq. State v. Perry (1967), 10 Ohio St.2d 175, paragraph eight of the syllabus. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Perry, supra. As is stated above, appellant originally was sentenced by the trial court on May 7, 1997. On such date, appellant's driver's license was suspended for a period of five years. Subsequently, appellant's sentence and conviction were affirmed by this court pursuant to an opinion filed on January 8, 1998. Thereafter, on April 1, 1998, the trial court resentenced appellant. Pursuant to an opinion filed on November 9, 1998, this court, holding that the trial court lacked authority to modify appellant's original sentence, vacated the April 1, 1998, judgment and reinstated appellant's original sentence that had been imposed in May of 1997. Appellant could have raised the issues regarding the suspension of his driver's license and the trial court's imposition of post-release control when he appealed his original sentence. Accordingly, pursuant to the doctrine of res judicata, appellant is now barred from raising such issues. See Perry, supra. In other words, we find that the appellant does not get a second chance to appeal his original sentence, which was reinstated by this court after appellant appealed his resentencing, when he could have raised the issues in his first appeal. The trial court, therefore, did not err in overruling appellant's motion as to the suspension of appellant's driver's license and the imposition of post-release control on appellant.
For the foregoing reasons, appellant's two assignments of error are sustained in part and overruled in part.
The judgment of the Licking County Court of Common Pleas is affirmed in part and reversed and remanded in part for clarification in accordance with this opinion.
Gwin, P.J. and Wise, J. concurs